<pre>
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                    SOUTHERN DISTRICT OF CALIFORNIA
10
11  ZIAD KABBAN; TAREK KABBAN,              CASE NO. 13-CV-01409-H
                                            (BLM)
12                         Plaintiffs,
        vs.                                 ORDER REQUESTING
13                                          BRIEFING
    ASLAN RESIDENTIAL V, LLC;
14  PHH MORTGAGE CORPORATION;
    THE BANK OF NEW YORK; NDEX
15  WEST, LLC; and DOES 1 through
    100, inclusive,
16
                           Defendants.
17
</pre>

On June 17, 2013, Plaintiffs Ziad Bakkan and Tarek Kabban ("Plaintiffs") filed a complaint against Defendants alleging causes of action for violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA"), violation of the federal Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), violation of California Civil Code § 2923, quiet title, negligence, and declaratory relief. (Doc. No. 1.)  On June 20, 2013, Plaintiffs filed an ex parte motion for a temporary restraining order ("TRO") seeking to enjoin Defendants from recording the Trustee's Deed Upon Sale of Plaintiffs' residence (the "subject property") and from evicting Plaintiffs from the subject property. (Doc. No. 2.)

The Court has reviewed Plaintiffs' motion and declines to decide it on an ex

parte basis.  Absent further order, the Court submits Plaintiffs' motion for TRO on the papers under Local Civil Rule 7.1(d)(1).

The standard for a TRO is "substantially identical" to the standard for granting a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff is entitled to a preliminary injunction "when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor."  Sardi's Resturant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985) (emphasis in original).  The Ninth Circuit explains that "[t]hese are not separate tests, but the outer reaches 'of a single continuum.'"  Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co., 774 F.2d 1371, 1375 (9th Cir. 1985) (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

Plaintiffs must serve all defendants with the Summons, Complaint, and TRO motion if they have not done so already.  The Court orders Defendants to file briefs in opposition to Plaintiffs' motion on or before **July 1, 2013.**  Plaintiffs may file a reply in support of their motion on or before **July 8, 2013.**

**IT IS SO ORDERED.**

DATED: June 21, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT