# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIAD KABBAN; and TAREK KABBAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASLAN RESIDENTIAL V, LLC; PHH MORTGAGE CORPORATION; THE BANK OF NEW YORK; NDEX WEST, LLC; and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | CASE NO. 13-CV-1409-H (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 4] |

On June 20, 2013, Plaintiffs Ziad Kabban and Tarek Kabban ("Plaintiffs") filed a motion for a temporary restraining order ("TRO"). (Doc. No. 4.) On July 1, 2013, Defendant Aslan Residential V, LLC ("Aslan") filed a response in opposition to Plaintiffs' TRO. (Doc. No. 9.) On July 3, 2013, Plaintiffs filed a reply. (Doc. No. 11.) For the reasons below, the Court denies Plaintiffs' motion for a TRO.

## Background

This is a mortgage case. On or about April 3, 2006, Plaintiffs borrowed $316,000 from PHH Mortgage Corporation ("PHH") and executed a deed of trust to real property commonly known as 788 Callecita Aquilla Sur, Chula Vista, CA 91911 as security for

1 the loan. (Doc. No. 1, Compl. Ex. A.) Plaintiffs allege that in August 2012 they
2 defaulted on their loan when their employers reduced their hours and income, and that
3 a Notice of Default was recorded on the property on August 7, 2012. (Id. ¶¶ 4, 7.)

4 Plaintiffs allege that between 2012 and 2013, they engaged in loan modification
5 negotiations with PHH. (Compl. ¶¶ 5, 9-10.) Plaintiffs allege that they repeatedly and
6 timely provided PHH with the information PHH requested, but that the only response
7 they would receive from PHH was that they need to resubmit the information or that the
8 information had been misplaced or was being handled by someone else. (Id. ¶¶ 5-6,
9 9-10.)

10 Plaintiffs alleged that on May 13, 2013, a Notice of Trustee's sale was recorded,
11 stating that Plaintiffs' property would be sold on June 13, 2013. (Compl. ¶¶ 8, 11.) On
12 June 13, 2013, the property was sold at a trustee's sale to Aslan for $226,100. (Doc.
13 No. 9-3 Exs. A-B; Compl. ¶ 15.) On June 14, 2013, Aslan delivered to Plaintiffs'
14 property a Notice to Vacate the property, stating that Plaintiffs were required to vacate
15 and surrender possession of the premises within three days. (Compl. ¶ 14, Ex. B.)

16 On June 17, 2013, Plaintiffs filed a complaint against Defendants Aslan, PHH,
17 The Bank of New York, and NDEX West, LLC, alleging causes of action for (1)
18 violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601
19 et seq.; (2) violation of the Homeowner Bill of Rights, California Civil Code §§ 2923.6,
20 2923.7; (3) quiet title; (4) negligence; and (5) declaratory relief. (Doc. No. 1.) On June
21 21, 2013, Aslan executed a trustee's deed upon sale, but the deed has not yet been
22 recorded. (Doc. No. 9-3, Ex. B) On June 21, 2013, Aslan filed in state superior court
23 an action for unlawful detainer against Plaintiff Tarek Kabban. (Id. Ex. C.)

24 By the present motion, Plaintiffs request a TRO (1) enjoining Defendants from
25 recording the Trustee's Deed Upon Sale until this action has been adjudicated and (2)
26 staying any eviction actions against the Plaintiffs. (Doc. No. 4.)
27 ///
28 ///

# Discussion

## I. Legal Standards For Temporary Relief

A movant seeking a TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing of "immediate and irreparable injury, loss, or damage [that] will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The standard for a TRO is "substantially identical" to the standard for granting a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); accord Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010). A party seeking preliminary relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011); see also id. at 1132 ("The serious questions approach survives the Winter decision when applied as part of the four-element Winter test.").

## II. Analysis

### A. Service of the TRO

On June 21, 2013, the Court set forth a briefing schedule and ordered Plaintiffs to serve the Defendants with the Summons, the Complaint, and the TRO. (Doc. No. 8.) On June 21, 2013, Plaintiffs filed a proof of service stating that the Defendants had been served with the TRO via fax. (Doc. No. 7.) Federal Rule of Civil Procedure 5 permits service "by electronic means if the person consented in writing." Fed. R. Civ. P.

5(b)(2)(E). Plaintiffs have failed to provide the Court with any evidence showing that any of the Defendants have consented in writing to service by fax.[1] Therefore, Plaintiffs have failed to properly serve the Defendants in this action with the TRO, and Plaintiffs' TRO can be denied on that basis alone. See, e.g., Murphy v. Bank of N.Y. Mellon, 2013 U.S. Dist. LEXIS 87689, at *4 (N.D. Cal. Jun 20, 2013) (denying TRO where service was provided by fax).

### B. Likelihood of Success on the Merits

Plaintiffs argue that they are entitled to a temporary restraining order based on their claim against Defendants PHH and the Bank of New York for violation of the California Homeowner Bill of Rights, California Civil Code §§ 2923.6, 2923.7.[2] (Doc. No. 4 at 2-4.)

The California Homeowner Bill of Rights became effective on January 1, 2013. Carroll v. Nationstar Mortgage, LLC, 2013 U.S. Dist. LEXIS 87685, at *5 (C.D. Cal. Jun. 21, 2013). Under California Civil Code § 2923.6, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification is pending." Cal. Civ. Code § 2923.6(c). Once the borrower submits the completed modification application, a trustee's sale cannot occur until (1) the "mortgage servicer makes a written

---

[1] Although Defendant Aslan electronically filed its opposition using the Court's CM/ECF system, the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual states in Section 2.d.2 that use of the Court's CM/ECF system only "constitutes consent to electronic service through the court's transmission facilities."

[2] In the complaint, in addition to their cause of action for violation of California Civil Code §§ 2923.6, 2923.7, Plaintiffs also bring causes of action for violation of RESPA, quiet title, negligence, and declaratory relief. (Compl.) In their motion for a TRO, Plaintiffs do not address or provide any analysis of these claims. Therefore, Plaintiffs have failed to show any likelihood of success on the merits of these claims. See Hupp v. San Diego Cnty. DA, 2012 U.S. Dist. LEXIS 58564, at *4-5 (S.D. Cal. Apr. 26, 2012); Sarantapoulas v. Recontrust Co., 2012 U.S. Dist. LEXIS 13467, at *3 (N.D. Cal. Feb. 3, 2012).

determination that the borrower is not eligible" for the modification and the 30-day appeal period expires; or (2) the borrower does not accept an offered modification within 14 days of the offer; or (3) the borrower accepts a modification but later defaults on or otherwise breaches the modified loan. Id. § 2923.6(c)-(d).

In the complaint, Plaintiffs allege that during 2012 and 2013–including when the Notice of Trustee's Sale was recorded and the trustee's sale was conducted–they engaged in loan modification negotiations with PHH and submitted information to PHH. (Compl. ¶¶ 5-6, 9-10, 29-30; Doc. No. 4-2, Declaration of Tarek Kabban ("Kabban Decl.") ¶¶ 2-4.)  But, Plaintiffs never allege that they had submitted a completed application for a loan modification to PHH, and to the contrary, Plaintiffs appear to allege that the paperwork was never completed. (Compl. ¶ 11.) California only prevents a party from recording or conducting a trustee's sale, if the borrower has submitted "a complete application for a first lien loan modification." Cal. Civil Code § 2923.6(c). Therefore, Plaintiffs have failed to allege facts showing a violation of California Civil Code § 2923.6.

In addition, Plaintiffs' allegations regarding the alleged loan modification negotiations are inconsistent and contradictory. Plaintiffs first allege that the loan modification negotiations were initiated on October 12, 2012, but Plaintiffs later allege that on September 1, 2012, PHH[3] continued to negotiate loan modifications with them. (Id. ¶¶ 5, 9.) Plaintiffs have also failed to provide the Court with any documentary evidence corroborating their allegations. Plaintiffs have not provided the Court with any of the information they allegedly submitted to PHH or with any of the correspondence between themselves and PHH related to the loan modification negotiations.

Plaintiffs also bring a claim in the complaint for violation of California Civil

---

[3] The complaint alleges that "ASC" continued the loan modification negotiations on September 1, 2012. (Compl. ¶ 9.) But, this appears to be a typographical error as ASC is never referred to anywhere else in the complaint, and the sentence later refers to PHH. (Id.)

1  Code § 2923.7. (Compl. ¶¶ 31-32.) Section 2923.7 provides: "Upon request from a
2  borrower who requests a foreclosure prevention alternative, the mortgage servicer shall
3  promptly establish a single point of contact and provide to the borrower one or more
4  direct means of communication with the single point of contact." Cal. Civ. Code §
5  2923.7(a). Plaintiffs allege that during their loan modification negotiations they were
6  passed on from representative to representative by PHH. (Compl. ¶¶ 6, 10, 32; Doc.
7  No. 4-2, Kabban Decl. ¶ 3.) But, Plaintiffs never allege that they ever requested from
8  PHH that they be provided with a single point of contact. Therefore, Plaintiffs have
9  failed to allege facts showing a violation of California Civil Code § 2923.7.
10 Accordingly, Plaintiffs have failed to show any likelihood of success on the merits.

### B. Immediate and Irreparable Injury

A plaintiff seeking preliminary relief must "demonstrate that irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22. This irreparable injury must be real, immediate and substantial, not speculative or remote. See id.; Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

Loss of a home can constitute irreparable harm. Obiniana v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 105407, at *6 (N.D. Cal. Jul. 27, 2012). But, to obtain a TRO under Rule 65, Plaintiff must not only show that the alleged harm is irreparable; the Plaintiff must show that the harm is "immediate." Fed. R. Civ. P. 65(b). The record shows that Plaintiffs were served with a notice of trustee's sale on May 13, 2013, the trustee's sale occurred on June 13, 2013, and Plaintiffs received a notice of eviction on June 14, 2013. (Compl. ¶¶ 8, 11, 14-15, Ex. B; Doc. No. 9-3 Exs. A-B.) Yet, Plaintiffs waited until June 17, 2013 to file their complaint and waited until June 20, 2013 to file their motion for a TRO. (Doc. Nos. 1, 4.) These actions by the Plaintiffs demonstrate a lack of need for speedy action. See Lydo Enters. v. Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) (Preliminary relief "is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action."); see also Mission Power

1  Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (To obtain
2  ex parte relief, the moving part must show that it was "without fault in creating the
3  crisis that requires ex parte relief, or that the crisis occurred as a result of excusable
4  neglect."). Accordingly, Plaintiffs have failed to show that they are likely to suffer
5  immediate and irreparable injury.

### Conclusion

After due consideration of the briefs and the evidence, the Court concludes that Plaintiffs have failed to sustain their burden of proving a likelihood of success on the merit and a likelihood of immediate and irreparable harm. Therefore, the Court denies Plaintiffs' motion for a temporary restraining order without prejudice.

**IT IS SO ORDERED.**

DATED: July 5, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT