**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZIAD KABBAN; TAREK KABBAN,<br><br>   Plaintiffs,<br><br>vs.<br><br>ASLAN RESIDENTIAL V, LLC;<br>PHH MORTGAGE CORPORATION;<br>THE BANK OF NEW YORK; NDEX<br>WEST, LLC; and DOES 1 through<br>100, inclusive,<br><br>   Defendants. | CASE NO. 13-CV-01409-H (BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

On June 17, 2013, Plaintiffs Ziad Bakkan and Tarek Kabban ("Plaintiffs") filed a complaint against Defendants alleging causes of action for violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, et seq., violation of the federal Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 et seq., violation of California Civil Code § 2923, quiet title, negligence, and declaratory relief. (Doc. No. 1.) On August 6, 2013, the Court granted Defendant Aslan Residential V, LLC's ("Aslan") Motion to Dismiss. (Doc. No. 22.) On November 27, 2013, Plaintiffs filed a Motion for Default Judgment against Defendants PHH Mortgage Corporation and The Bank of New York. (Doc. No. 25.) On December 5, 2013, Plaintiffs filed an ex parte motion for a temporary restraining order ("TRO") seeking to enjoin Aslan from evicting Plaintiffs

from their residence while their motion against PHH Mortgage Corporation and The Bank of New York is pending. (Doc. No. 26.) Aslan filed an opposition. (Doc. No. 28.)

The standard for a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); accord Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010). A party seeking preliminary relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20. The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011); see also id. at 1132 ("The serious questions approach survives the Winter decision when applied as part of the four-element Winter test.").

Having reviewed the parties' papers, the Court concludes that Plaintiffs have not met their burden under the Winter factors. Accordingly, the Court denies Plaintiffs' motion.

**IT IS SO ORDERED.**

DATED: December 13, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT